# Great Bend Township, Appellant, v. Delaware, Lackawanna & Western R. R. Co.

*Railroads—Abolition of grade crossings—Public Service Commission—Townships.*

Where the Public Service Commission has approved the plans of a railroad ·company to change a portion of the road system of a township so as to substitute one overhead crossing for two dangerous grade crossings, and no objection has been made either by the railroad company or abutting property owners, the township has no standing to object to the order because it failed to direct the railroad company to maintain the roads changed or to award to the township a lump sum of money for an alleged increased burden thrown on the township.

Argued March 5, 1917. ·Appeal, No. 337, Oct. T., 1916, by plaintiff, from order of Public Service Commission, Application Docket No. 321, 1914, approving plans for the abolition of grade crossings, In re Application of Delaware, Lackawanna & Western Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. ¯Affirmed.

Application to approve grade crossings.

After the order of the Public Service Commission approving the plans had been filed, Great Bend Township filed a petition for appeal which averred as follows:

1. On November 5, 1914, application was made to the Public Service Commission by the Delaware, Lackawanna & Western Railroad for leave to relocate the tracks of its main line in Great Bend Township, Susquehanna County, Pennsylvania, so as to abolish certain grade crossings over the Cochecton and Great Bend turnpike; and on hearing before the commission a report was made April 9, 1915, granting the application and in that connection ordering that the railroad company should perpetually keep and maintain in repair

that portion of the turnpike between the crossings which were abolished, or make provision with the township authorities therefor.

2. On May, 1915, application was made to the said commission for a rehearing and modification of the said order on the ground that the commission had no authority to make it and that it was unreasonable; in the course of the hearing on which application it was agreed by counsel that in commutation of the perpetual repair of the road the railroad would pay and the township would accept the sum of $1,350, the immediate repair of two sluices being also provided for. But the commission having considered the same on August 24, 1916, the former order was modified and the provision requiring the railroad to keep in repair the part of the turnpike mentioned was stricken out and damages refused to the township.

3. Prior to the relocation of the turnpike road between the grade crossings abolished, the turnpike had been adopted and made a State road, and was kept and maintained by the State Highway Department, and the part named was not vacated by the commission, but on the contrary was required to be kept up and maintained by the township for the convenience of the public and the persons living on that part of the said highway, which duty was thereupon imposed on the township without compensation being made therefor.

The township thereupon appeals and assigns for error.

1. The Public Service Commission erred in modifying the order of April 9, 1915, and relieving the railroad from keeping in repair or making provision with the township authorities for payment for the keeping in repair of that part of the township in question.

2. The Public Service Commission erred in imposing on Great Bend Township the duty of maintaining that part of the turnpike road theretofore maintained by the State Highway Department without making provision for compensation to said township.

3. The Public Service Commission erred in not directing the said railroad to keep the said road in repair.

4. The Public Service Commission erred in not authorizing the railroad to pay to the township authorities the sum of $1,350 as compensation for keeping the said road in repair as agreed on by the parties.

*Error assigned* was the final order of the Public Service Commission.

*R. W. Archbald,* with him *E. R. W. Searle,* for appellant.—The Township of Great Bend is entitled to compensation for the additional burden put upon it by the changes applied for by the railroad and authorized by the Public Service Commission in this case.

The right of the township to compensation and the liability of the railroad to pay it was conceded by counsel for the railroad at the hearings before the commission, the only question being as to how it should be brought about.

*J H. Oliver,* with him *D. R. Reese,* for intervenor, Delaware, Lackawanna & Western Railroad Co.

*Berne H. Evans,* for Public Service Commission.

OPINION BY HEAD, J., July 13, 1917:

It has long been the policy of this State to bring about, as rapidly as possible, the elimination of dangerous grade crossings. The legislature, the courts, the great cities of the Commonwealth, and the railroad companies themselves have all alike labored for the maintenance and development of this policy. For more than a half century the railroad companies have been invested by the legislature with statutory power to abolish such crossings and make such changes in the public highways as would necessarily result from such action. The condition on which this power was to be exercised was that the company

should construct the necessary new road in as good con-
dition as the one in part vacated and then turn it over
to the proper authorities whose duty it was to maintain
and keep in repair the public roads and highways of the
Commonwealth.

The act creating the Public Service Commission and
defining its functions made no change in the power of a
railroad company to abolish a grade crossing.  It did
provide, however, that before the railroad company could
lawfully exercise such power, it must first submit its
plan for the proposed change and improvement to the
Public Service Commission and obtain its approval of the
same, to be evidenced by the granting of what is called a
certificate of public convenience.  In the present case the
D., L. & W. Railroad Company proposed to abolish two
dangerous grade crossings and make such change in the
road system of Great Bend Township adjacent to
these points as would take care of the public travel by
one overhead crossing instead of two grade crossings.
The Public Service Commission, in the exercise of the
sound discretion vested in it by the statute, approved of
the said plans and granted the certificate.  The commis-
sion, in the further performance of the duties imposed
upon it by the statute, ascertained what properties of ad-
jacent landowners would be injured or destroyed by the
proposed improvement and fixed the amount of damages
to be received by each owner.  There is no complaint
either from the railroad company or from any land-
owner.  The Township of Great Bend is the appellant
in this case.  It is not easy to perceive in what manner
it can be said to be a person aggrieved, within the mean-
ing of the law, by the order or decree appealed from.

Its first position seems to be the commission had power
to decree that the railroad company must in the future
maintain some portion of the public highway system of
the township because of the change it had wrought in the
road system theretofore in use.  No line or letter of the

statute can be pointed to conferring such jurisdiction on the commission.

The second position taken would seem to necessarily depend on the first one as we have stated it. It is that the commission make an order requiring the railroad company to pay a lump sum of money to the township to compensate it for some alleged additional burden that will be cast upon it by the change in the roads resulting from the abolition of the grade crossings. If the commission is without power to do the first of the things required by the township, it ought to follow it is clearly without power to do the second. It is therefore impossible to discover in the record, as certified to us by the commission, anything to justify the conclusion the order appealed from is either unreasonable or not in conformity with law.

The opinion writer cannot refrain from pointing out that the record in this case, as in others that have come to us from the commission, is burdened with many unnecessary things. Of course the commission is fully authorized to determine for itself the procedure it will follow. It may be necessary or useful in the performance of its duties it should require to be taken down everything uttered by counsel in the various debates and arguments advanced during a protracted hearing. I am quite satisfied, from observation and experience, they serve no useful purpose in the record that comes to us. Surely some plan can be devised by the commission that would tend to make the record, as it comes to us, no more voluminous than is necessary to enable us to answer the questions which the statute requires us to determine.

The assignments of error are overruled.

The order or decree of the Public Service Commission is affirmed, the appellant to pay the costs of this appeal.